John K. Turner
Linebarger Goggan Blair & Sampson, LLP
3500 Maple Ave., Suite 800
Dallas, Texas 75219
(214) 880-0089 Telephone
(469) 221-5003 Facsimile
John.Turner@lgbs.com

Attorneys for Grayson County

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **GUNTER LAND NTX, LLC.,** | § | **Case No.  26-41416** |
| | § | |
| **Debtor.** | § | |

## GRAYSON COUNTY'S LIMITED OBJECTION TO DEBTOR'S MOTION TO SELL CERTAIN PANTHER TRAIL LOTS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS
### (Relates to Dkt. # 18)

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE**:

Comes now Grayson County, creditor and party-in-interest, and files this, its Limited Objection to Debtor's Motion to Sell Certain Panther Trail Lots Free and Clear of All Liens, Claims, Encumbrances, and Interests (the "Motion") [Dkt. #18] and would respectfully show the Court the following:

1.      Grayson County, a duly organized governmental unit of the State of Texas, is the local  tax assessor/collector for real property ad valorem taxes.  Debtor will owe real  property ad valorem taxes for tax year 2026 (current year taxes) and 2027 (per the take down schedule) relating to the real property that is the subject of the proposed sale (the "Property").

2.      In order to secure the taxes, Grayson County holds pre-eminent liens against the Property.  Pursuant to Sections 32.01 and 32.05 of the Texas Property Tax Code, the Grayson

County's liens attached on January 1 of the relevant tax year and, with limited exceptions that do not appear applicable in this case, are superior to all other liens or interests, regardless of the date any other liens or interests were perfected. *In re Winn's Stores, Inc.*, 177 B.R. 253 (Bankr. W.D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W.2d 841 (Tex. App.-Eastland 1995). Furthermore, the Taxing Entities' liens "float" and attach to all after-acquired property of the Debtor. *In re Universal Seismic Associates, Inc.*, 288 F.3d 205 (5th Cir. 2002); *City of Dallas v. Cornerstone Bank, N.A.*, 879 S.W.2d 264 (Tex. App.-Dallas 1994).

3.      While the Lot Purchase Agreement provides for the pro ration of property taxes for the year of closing as between the Purchaser and the Debtor as Seller, the Motion purports to sell the Property "free and clear" of all liens without requiring the ad valorem property taxes to be paid at closing, making any such payment discretionary. The Motion is silent as to payment of tax year 2026 property taxes for those lots where the take down schedule extends into 2027. The tax liens for 2026 and, where applicable, 2027, should remain attached to the real property until all property taxes are paid in full and should become the obligation of the Purchaser to pay, notwithstanding any agreement between the Debtor and Purchaser concerning prorations for 2026 or 2027 taxes. Finally, the Property is potentially subject to rollback taxes and, if applicable, the "free and clear" should not apply to the potential liability for rollback taxes.

4.      The inclusion of the following language in the sale order would resolve the limited objection of Grayson County:

> *For the avoidance of doubt, and notwithstanding anything to the contrary in this Sale Order or any asset purchase agreement, the conveyance of the Property shall not be free of (1) any liens held by an ad valorem taxing authority that secure payment of year 2026 or 2027 ad valorem property taxes, or any penalties or interest that may accrue thereon; or (2) any lien or potential lien held by an ad valorem taxing authority that may arise subsequent to such conveyance due to a*

*change of use that may result in the removal of any previously granted tax exemption and the assessment of any back taxes due to such removal. Further, the Purchaser assumes full responsibility for payment of the 2026 and 2027 Grayson County real property ad valorem tax liability and shall pay the ad valorem tax liability in full, in the ordinary course of business, when due. Grayson County shall retain its 2026 and 2027 liens until all Taxes and related interest, penalties, and fees (if any) have been paid in full. If not timely paid, Grayson County may proceed with non-bankruptcy collections against the Purchaser without leave or approval of the Court. In the event of any proration of taxes attributable to periods of ownership between the Debtors and the Purchaser, any dispute regarding such proration of the ad valorem taxes shall have no effect on Purchaser's liability to pay the 2026 and 2027 ad valorem taxes.*

WHEREFORE, PREMISES CONSIDERED, Grayson County requests that the Court order ad valorem tax liens securing payment of 2026 and 2027 taxes be retained on the Property to secure payment of 2026 and 2027 ad valorem property taxes, including any rollback taxes and that such taxes become the obligation of the Purchaser to pay, notwithstanding any proration agreements between the Debtor and Purchaser, and grants it such other and further relief to which it is entitled to receive.

Dated:  May 22, 2026.

Respectfully submitted,

Linebarger Goggan Blair & Sampson, LLP
3500 Maple Ave., Suite 800
Dallas, TX 75219
Ph. No.  (214) 880-0089
Direct   (469) 221-5125
Fax No. (469) 221-5003
John.turner@lgbs.com

By:     /s/ John K. Turner_____
John K. Turner
Texas Bar No. 00788563

ATTORNEYS FOR GRAYSON COUNTY

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically through the Court's electronic case filing system on this 22ND day of May 2026.

/s/ John K. Turner_____
John K. Turner